Robert Blaisdell v. Eckert, et al.    CV-97-560-B    12/07/98

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Robert Blaisdell**

    v.                                   Civil No. 97-560-B

**John Eckert, et al.**


**MEMORANDUM AND ORDER**


Petitioner Robert Blaisdell, pro se, brought this action seeking a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998), arguing that the New Hampshire Adult Parole Board's requirement that he participate in a sexual offender program before he is eligible for parole constitutes an impermissible ex post facto law. Presently before me is the defendants' motion for summary judgment. For the following reasons, I grant the defendants' motion.


**I. BACKGROUND**

Blaisdell entered a plea of nolo contendere to charges of aggravated felonious sexual assault on his minor daughter on February 26, 1990. His received a suspended sentence and was placed on probation for five years. Blaisdell's probation was revoked on July 19, 1993, after he pleaded guilty to a charge of possession of a weapon by a convicted felon. He is currently serving two concurrent three and one-half- to seven-year state prison sentences on the weapons and felonious sexual assault charges. Blaisdell was eligible for parole on August 15, 1996.

The New Hampshire Adult Parole Board ("Board") denied Blaisdell parole on December 19, 1996, because he failed to participate in the state prison's Sexual Offender Program ("SOP").

Blaisdell filed a petition for a writ of habeas corpus in Merrimack County Superior Court in 1994, arguing that the SOP requirement violated his equal protection and due process rights. The petition was denied and Blaisell did not appeal. He filed a subsequent petition in Merrimack County Superior Court in 1997, arguing that the SOP requirement unconstitutionally enhanced his sentence and that he was denied his right to effective assistance of counsel. Again, the court denied Blaisdell's petition and Blaisdell did not appeal. Blaisdell then filed this action, claiming, among other things, that the Board's policy violates the ex post facto clause of the United States Constitution.[1] The ex post facto claim is the only one before me, as the others were dismissed. Although it appears that Blaisdell failed to exhaust his state court remedies with regard to his ex post facto claim, I have authority to deny the claim on the merits. See 28 U.S.C.A. § 2254(b)(2) (West. Supp. 1998).

## II. STANDARD OF REVIEW

In habeas corpus proceedings, as in other civil actions, summary judgment is appropriate if the facts taken in the light most favorable to the nonmoving party show that no genuine issue

---

[1] There are two ex post facto clauses in the United States Constitution. Relevant here is the clause contained in Art. 1, § 10, as applied to the states through the Fourteenth Amendment.

of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden is upon the moving party to aver the lack of a genuine, material factual issue. See Finn v. Consolidated Rail Corp., 782 F.2d 13, 15 (1st Cir. 1986). If a motion for summary judgment is properly supported, the burden shifts to the non-movant to show that a genuine issue exists. See Donovan v. Agnew, 712 F.2d 1509, 1516 (1st Cir. 1983). It is not sufficient for the non-movant to "rest upon mere allegation[s] or denials [contained in that party's] pleading." See LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). Rather, to establish a trial-worthy issue, there must be enough competent evidence "to enable a finding favorable to the nonmoving party." Id. at 842 (internal citations omitted). I apply these standards to defendants' motion.

## III.  DISCUSSION

Here, Blaisdell argues that the Board's SOP requirement violates the ex post facto clause.[2] Specifically, he claims that the Board's practice of denying parole to inmates who have not

---

[2] A law may violate the ex post facto clause where it retroactively "alters the definition of criminal conduct or increases the penalty by which a crime is punishable." See Dominique v. Weld, 73 F.3d 1156, 1162 (1st Cir. 1996)(quoting California Dept. of Corrections v. Morales, 514 U.S. 499 (1995)).

-3-

completed the SOP did not exist when he committed his crimes.[3] Thus, he argues, the Board's practice as applied to him violates the ex post facto clause by retroactively imposing a harsher sentence for his crime. The Defendants claim that the Board's practice did, in fact, exist when Blaisdell committed his crimes. Moreover, they contend that it would not constitute an ex post facto law even if the Board had enacted the policy after Blaisdell's crime.

The defendants have produced the sworn affidavit of Board Chairman Robert F. Hamel, which states that the practice of denying parole to inmates incarcerated for sex crimes who have not completed the SOP has remained unchanged since he joined the Board in September of 1989. Hamel stated that the Board's current rules, enacted pursuant to N.H. Rev. Stat. Ann. § 651-A:4 III, have remained essentially the same during his tenure. The Rules allow the Board to deny parole for a number of reasons, including where "continued treatment, mental or psychological care . . . would substantially improve the inmate's capacity to lead a law-abiding life upon release." N.H. Code Admin. R. Ann. [Par] 302.01(c)(1993). A review of the Code of New Hampshire Rules reveals that the Board readopted Rule 302 in 1993, but the rule first became effective in its present form in February 1986. See id. Defendants also produced the sworn affidavit of Lance

---

[3] Blaisdell pleaded guilty to his crimes in 1990. Although Blaisdell's petition does not allege a specific date on which his crimes occurred, it appears from the record that they took place in 1988.

Messinger,[4] a psychologist employed by the New Hampshire Department of Corrections, which states that the SOP has existed since 1986. Messinger stated that, since 1986, the program has released information to the Board, including whether parole-eligible inmates have completed, or should complete, the SOP.

Blaisdell has provided no evidence to support his claim that the Board's Rules or practice of requiring SOP participation post-dated his crime. While he notes that "public newspapers will confirm this fact," he provides no evidence that a fact-finder could reasonably rely on to determine that the policy did not exist at that time.[5] See LeBlanc, 6 F.3d at 841 (mere allegations in pleadings are insufficient to overcome a properly supported motion for summary judgment). Viewing the evidence in the light most favorable to Blaisdell, it is clear that the Board's Rules regarding denial of parole have not changed since 1986, two years before Blaisdell's crime. Thus, there is no genuine issue of material fact and summary judgment for defendants is appropriate.[6]

---

[4] Lance Messinger is one of the five defendants named in Blaisdell's petition.

[5] Indeed, Blaisdell does not even cite a specific news article in a specific "public newspaper" to support his claim.

[6] Because I have granted summary judgment for the reasons stated above, it is unnecessary for me to decide whether the Board's Rules and practice would violate the ex post facto clause if the Board had, in fact, adopted them after Blaisdell's crime.

## CONCLUSION

For the reasons described in this order, defendants' motion for summary judgment (document no. 19) is granted. The defendants shall respond to petitioner's motion for a temporary restraining order on or before December 15, 1998. Thereafter, the clerk shall schedule a hearing on the motion.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

December 7, 1998

cc:  Robert Blaisdell, pro se
     Nancy J. Smith, Esq.